USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASPEX EYEWEAR, INC.

                Plaintiff,

-against-

            00 Civ. 2389 (RMB)(HBP)

CHEUK HO OPTICAL INTERNATIONAL LTD.,

                Defendant.
------------------------------------------------------------X
ASPEX EYEWEAR, INC.,
CONTOUR OPTIK, INC., and
CHIC OPTIC, INC.,

                Plaintiffs,

            01 Civ. 1315 (RMB)(HBP)

-against-

            **ORDER**

CHEUK HO OPTICAL INTERNATIONAL LTD.,

                Defendant.
------------------------------------------------------------X

I. **Background**

On or about August 1, 2008, United States Magistrate Judge Henry B. Pitman, to whom the matter of attorneys' fees and costs had been referred, issued a thoughtful Report and Recommendation ("Report"), recommending that Aspex Eyewear, Inc., Contour Optik, Inc., and Chic Optic, Inc. ("Plaintiffs"), be "awarded $10,198.80 in attorneys' fees and costs" incurred enforcing a settlement agreement that concluded the above-captioned cases. (Report at 2.)[1]

---

[1] On or about June 14, 2006, the parties executed a settlement agreement. (Pls.' Mot. for Attorneys' Fees and Costs, dated Nov. 9, 2006, Ex. B.)

The Report advises that "the parties shall have ten (10) days from the date of this [Report] to file written objections." (Report at 14.) As of the date of this Order, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II. Standard of Review

In reviewing a magistrate judge's report and recommendation, the court may adopt those portions to which no "specific written objections" are made and which are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(b)(2); Thomas v. Arn, 474 U.S. 140, 149 (1985); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). An order is "clearly erroneous" only when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal quotations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotations omitted). A district judge may accept, reject, modify, in whole or in part, the findings and recommendations of the magistrate judge. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III. Analysis

The Court has reviewed the Report and concludes that it is not clearly erroneous and is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Pitman properly concluded that Plaintiffs should be awarded attorneys' fees and costs because Plaintiffs submitted "contemporaneous time records, as required"; Plaintiffs' "time

charges do not appear to be excessive"; and Plaintiffs' hourly rates are "reasonable for intellectual property specialists and experienced litigation attorneys in this District." (Report at 10, 11, 13); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 189 (2d Cir. 2008) ("What the district courts in this circuit produce is in effect not a lodestar . . . but rather a 'presumptively reasonable fee.'"); Torres v. City of New York, 07 Civ. 3473, 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008).

Judge Pitman also properly reduced the proposed attorneys' fees because of some "vague" time entries that provided "little meaningful detail." (Report at 11); see also Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth., 2007 WL 486610, at *5 (S.D.N.Y. Feb. 14, 2007).

## IV. Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety.

The Clerk of the Court is respectfully requested to enter judgment for Plaintiffs in the amount of $10,198.80.

Dated: New York, New York
October 7, 2008

_RMB_

RICHARD M. BERMAN, U.S.D.J.